**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | |
| **Plaintiff,** : | |
| : | **Case No. 2:07-CR-244** |
| v. : | **JUDGE ALGENON L. MARBLEY** |
| : | |
| **MICHAEL SPICER,** : | |
| : | |
| **Defendant.** : | |

## ORDER

This matter is before the Court on Plaintiff, the United States of America's Motion to Dismiss Defendant/Appellant's Motion for Release Pending Appeal (Doc. 59).[1] On March 19, 2010, having pled guilty to one count of possession with the intent to distribute in excess of 500 grams of cocaine in violation of 21 U.S.C. § § 841(a)(1), 841(b)(1)(B)(ii),  Spicer was sentenced to 63 months of incarceration and 5 years of supervised release.  On March 27, 2010, Spicer timely filed a Notice of Appeal.  Spicer now requests an order from this Court releasing him from custody pending a determination of his appeal.  The Government has moved to dismiss Spicer's Motion, claiming that this Court lacks jurisdiction.

Federal Rule of Appellate Procedure 9(b) allows a defendant to "obtain review of a district court order regarding release after a judgment of conviction by filing a notice of appeal from that order in the district court or by filing a motion in the court of appeals if the party has already filed a notice of appeal from the judgment of conviction."  Fed. R. App. P. 9(b).  The Second Circuit has explicitly considered whether 9(b) either requires or allows a defendant to

---

[1] Previously, Defendant, Michael Spicer's ("Spicer") filed a Motion for Release Pending Appeal (Doc. 58)

make a motion for release pending appeal in the court of appeals in the first instance. *See United States v. Hochevar*, 214 F.3d 342, 343 (2d Cir. 2000) ("[W]e see nothing in the terms of rule 9(b) or in its history to suggest that a defendant is authorized to move for release pending appeal in the court of appeals in the first instance."); *see also United States v. Varacalli*, Case No. S2-01-CR-594, 2005 WL 1875775 (S.D.N.Y. Aug. 9, 2005) ("The question is thus not one of juridiction, but one of practicality."); *Rosa v. McCray*, 2004 WL 2827638 (S.D.N.Y. Dec. 8, 2004) ("[A] bail order is not a modification of that judgment, but rather a collateral matter, over which this Court retains jurisdiction.") . In *Hochevar*, the Second Circuit stated that they did "not view the language of Rule 9(b) as authorizing a defendant to make his bail motion initially in the court of appeals." *Hochevar*, 214 F.3d at 343. The court of appeals found that "while the current version of Rule 9(b) also refers to a 'motion in the court of appeals,' the language of the Rule makes it clear that such a motion is simply the method 'by' which '[a] party entitled to do so may obtain review of a district-court order regarding release after a judgment...if the party has already filed a notice of appeal from the judgment of conviction.'" *Id.* (quoting Fed. R. App. P. 9(b)). The Hochevar court noted that this was consistent with the Advisory Committee notes accompanying Rule 9.[2]

---

[2] The commentary to Rule 9 states:
Subdivision (a) governs appeals from bail decisions made before the judgment of conviction is entered at the time of sentencing. Subdivision (b) governs review of bail decisions made after sentencing and pending appeal.

....

Subdivision (b). This subdivision applies to review of a district court's decision regarding release made after judgment of conviction. As in subdivision (a), the language has been changed to accommodate the government's ability to seek review.

In this case, as in *Hochevar*, this Court has "greater familiarity with the record" and is in a "better position than the court of appeals to make...determinations [about release pending appeal] in the first instance." *Hochevar*, 214 F.3d at 344. Accordingly, the Government's Motion to Dismiss Defendant/Appellant's Motion for Release Pending Appeal (Doc. 59) is **DENIED**. It is hereby **ORDERED** that the Government shall have until August 31, 2010, to submit a response to Spicer's Motion for Release Pending Appeal.

**IT IS SO ORDERED.**

                                                         s/Algenon L. Marbley
                                                    ALGENON L. MARBLEY
                                                    UNITED STATES DISTRICT COURT

**Dated: August 17, 2010**

---

The word "review" is used in this subdivision, rather than "appeal" because review may be obtained, in some instances, upon motion. Review may be obtained by motion if the party has already filed a notice of appeal from the judgment of conviction. If the party desiring review of the release decision has not filed such a notice of appeal, review may be obtained only by filing a notice of appeal from the order regarding release.

The requirements of subdivision (a) apply to both the order and the review. That is, the district court must state its reasons for the order. The party seeking review must supply the court of appeals with the same information required by subdivision (a). In addition, the party seeking review must also supply the court with information about the conviction and the sentence.

Fed. R. App. P. 9 Advisory Committee Note (1994).